## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOHN SCIULLO

      Plaintiff,

v.

TROPICAL PALMS OF FT MYERS INC d/b/a
TROPICAL PALMS MOTEL,
A Florida Profit Corporation

      Defendant.

_____/

## COMPLAINT, DEMAND FOR JURY TRIAL, DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, JOHN SCIULLO ("Mr. Sciullo"), by and through undersigned counsel, files this Complaint against Defendant, TROPICAL PALMS OF FT MYERS INC d/b/a TROPICAL PALMS MOTEL, ("TROPICAL or "Defendant"), a Florida Profit Corporation, and states as follows:

## NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from recover from Defendant minimum wages and an additional equal amount as liquidated damages, overtime compensation and an additional equal amount as liquidated damages, declaratory and injunctive relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, contractual damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3.     Venue is proper as Plaintiff worked for Defendant in Lee County, Florida, Defendant operates its business in Lee County, Florida, and the actions giving rise to these claims arose in Lee County, Florida.

4.     Mr. Sciullo is an adult individual who performed services on an hourly basis as an employee for Defendant's company in Lee County, Florida.

## FLSA COVERAGE

5.     At all times relevant, Defendant was a covered enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

6.     At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as kitchen equipment, cleaning supplies, dining equipment, and uniforms but which had come to rest within Lee County, Florida. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

8.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Employees such as Plaintiffs.

## FACTUAL ALLEGATIONS

9.     Defendant initially hired Mr. Sciullo as an hourly, non-exempt Employee on September 29, 2019.

10.    In exchange for his employment services, Defendant offered Mr. Sciullo $15.00 per hour, plus overtime compensation.

11.    Plaintiff had no authority to hire or fire employees of TROPICAL.

12.    Plaintiff had no authority to discipline employees of TROPICAL.

13.    Plaintiff had no authority to determine the schedules to be worked by any employees of TROPICAL, or to change the schedules.

14.    Plaintiff had no authority to set rates of pay for other employees or agents of TROPICAL.

15.     Plaintiff had no input into performance reviews of other employees or agents of TROPICAL.

16.     All of Plaintiff's major decisions had to be cleared in advance by one of TROPICAL's supervisors.

17.     Plaintiff was closely monitored by TROPICAL's managers and supervisors at all times.

18.     Plaintiff followed procedures established by TROPICAL and did exactly as he was instructed to do.

19.     Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

20.     Throughout the entire duration Plaintiff's employment, Defendant failed to pay Plaintiff at all for the work he performed.

21.     During the course of his employment, Mr. Sciullo worked an average of (70) hours per week.

22.     Plaintiff estimates his minimum wage damages to be as follows: from September 29, 2020, through April 3, 2021, Plaintiff worked around 70 hours a week for 26 weeks and was paid $0.00 in wages. Plaintiff is owed $7.25 x 70 hours x 26 weeks = **$13,195.00** in unliquidated minimum wages, and **$26,390.00** in liquidated damages.

23.     Plaintiff estimates his overtime wage damages to be as follows: from September 29, 2020, through April 3, 2021, Plaintiff worked around 70 hours a week for 26 weeks and was paid $0.00 in wages. Plaintiff is owed his overtime rate of $22.50 x 30 overtime hours x 26 weeks = **$ 17,550.00** in unliquidated overtime wages, and **$ 35,100.00** in liquidated damages.

24.     Defendant's failure to properly pay Mr. Sciullo for all his standard and overtime hours worked constitutes a violation to both the minimum wage and overtime provisions of the FLSA.

25.     Plaintiff should have been compensated at the rate of one and on-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

26.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

27.      Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

28.      Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

29.      Based on the allegations in Paragraphs 27-29, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

30.      Additionally, in light of the foregoing violations of the law, Plaintiff suffered damages, and is entitled to his unpaid wages, minimum wages, liquidated damages, overtime wages, interest, and attorneys' fees pursuant to the FLSA.

31.      Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF MINIMUM WAGE UNDER FLSA 29 U.S.C §206

32.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31.

33.     Plaintiff is entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked for Defendant.

34.     Defendant failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for Defendant.

35.     As a result of Defendant's actions in this regard, Plaintiff was not paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

36.     Defendant willfully failed to pay Plaintiffs the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

37.     As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages during his employment with Defendant.

38.     Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

39.     Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

40.     Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

41.     Plaintiff realleges and incorporate all allegations contained within Paragraphs 1-31 above of the Complaint, as if fully set forth herein.

42.     Plaintiffs worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

43.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

44.     Plaintiff was not exempt employees as defined by the FLSA.

45.     At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

46.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff's time and one half their regular rate of pay for each hour

worked in excess of forty (40) per work week in one or more work weeks, Plaintiff suffered damages plus incurring reasonable attorneys' fees and costs.

47.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

48.    At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in their favor against Defendant, and that this Court declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA, award Plaintiff minimum wages for all hours worked, award Plaintiffs liquidated damages in an amount equal to the minimum wage award, award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b), and award Plaintiffs pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this September 23rd, 2022

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road. 84, Ste. 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*